**UNITED STATES of America**

v.

**Arguilio RAZZAIA.**

**Crim. No. B–87.**

United States District Court,
D. Connecticut.

Nov. 28, 1973.

Paul E. Coffey, Sp. Atty., Dept. of Justice, Hartford, Conn., for plaintiff.

Ross S. Rapaport, Stamford, Conn., for defendant.

### RULING ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

NEWMAN, District Judge.

This is a motion for judgment of acquittal, pursuant to Fed.R.Crim.P. 29(a), by a defendant found guilty by a jury of wilfully and knowingly making material false statements to a grand jury in violation of 18 U.S.C. § 1623. The Court reserved decision on defendant's motion at the conclusion of the evidence.

■ The questions and answers underlying the conviction are as follows:

Q. I'm asking you Mr. Razzaia. You tell me if you can recollect ever carrying anything with you into 444 Bedford Street.

A. On many occasions I have had bags with me, yes  .   .   .

Q. Ever carry a notebook into the apartment?

A. No.

Q. Ever carry a large brown envelope into the apartment?

A. Paper bags.

Q. A large brown envelope, Mr. Razzaia. Ever carry a large brown envelope?

A. No.

The two "No" answers, denying carrying a notebook and a large brown envelope into the apartment, were alleged to have been false and material statements. Since the grand jury was investigating gambling law violations, false denials about carrying items whose contents might contain evidence of gambling activities would certainly be material to the grand jury inquiry. The more difficult question is whether reasonable minds could fairly find beyond a reasonable doubt on all the evidence that the defendant's answers were false and wilfully so.

The Government's evidence showed that on June 8, 1972, the defendant was observed by an F.B.I. agent in the elevator of 444 Bedford Street, Stamford, Connecticut, carrying a black notebook and a manila envelope. The defendant testified that what he had been carrying that day were a clipboard and some small brown envelopes, of the type used in his work as a commercial driver.

■■ The Government contends that there was a factual dispute for the jury as to whether defendant was carrying a notebook or a clipboard, and whether he was carrying a large brown envelope or small ones. The Government further contends that the defendant should not be permitted to avoid a perjury convic-

tion by making an after-the-fact reconstruction of events that closely follows the Government's claim but still raises the possibility of an honest mistake. The Government is right that a defendant should not be permitted to undo so readily what may well have been the falsity of his grand jury answers, but protection against such tactics, if they were so intended, must be achieved by the precision of the questions and not the retention of this dubious conviction. The Supreme Court has recently noted that in perjury cases, the burden is on the questioner to pin down with precision the details of the inquiry. Bronston v. United States, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973). If the grand jury's investigation would have been aided by knowing the contents of whatever the defendant carried into the apartment on June 8, 1972, the questioner could have focused the witness's attention on that particular day and on the objects that the witness was observed carrying. Instead the questioner asked whether the witness had ever carried a notebook or a large brown envelope into the apartment. These are not such distinctive items as would cause their carrying to be readily recalled. The witness's negative responses could have meant that he failed to recall the day the questioner had in mind and honestly forgot ever carrying anything except paper bags into the apartment, or that he recalled carrying a clipboard and small brown envelopes but honestly thought a truthful answer was therefore a negative, or that he recalled carrying a notebook and a large brown envelope, as the government alleges, and decided to lie about them. The imprecision of the questions left the jury with an insufficient basis reasonably to conclude beyond a reasonable doubt that the third alternative had occurred.

Had the questioning identified the pertinent day and then narrowed the inquiry from the general topic of whether the witness was carrying anything down to the details of what he was carrying, the ambiguities might well have been avoided.

If it were a crime to carry a notebook, then, on proper evidence, a jury verdict could stand despite a defendant's assertion that what he actually carried was a similar but slightly different item. In a prosecution for such a possessory offense the evidence would be expected to be less equivocal than the agent's testimony here. For instance, the agent acknowledged that the object the defendant was carrying could have been a clipboard, as defendant claimed. But this is a prosecution for false swearing, and in such a prosecution the careful use of words becomes important. If a more extensive basis had been laid for these questions, a perjury conviction might have been upheld despite the elusive distinctions between a notebook and a clipboard, or between large and small envelopes. Under the circumstances here, however, these distinctions are not the stuff of which perjury convictions can be made.

The motion for judgment of acquittal is granted.